THE BROWN INSTRUMENT COMPANY, Respondent, v. UNIVERSAL BRICK & TILE COMPANY, Appellant.

Springfield Court of Appeals, March 16, 1923.

1. **TRIAL: Defendant, Proceeding With Its Evidence after Refusal of Peremptory Instruction, and Does not Renew it at Close of Case, Abandons Demurrer to Plaintiff's Evidence.** Where defendant proceeds with its evidence after refusal of its request for an instruction in the nature of a demurrer at the close of plaintiff's case, and does not renew such request at the close of the case, the demurrer is abandoned.

2. **SALES: Seller Must Ship within Reasonable Time, Where no Time is Mentioned.** Where no time for shipment is mentioned in the contract, the seller must ship within a reasonable time.

3. **———: On Destruction by Fire of Goods Sent on Approval, Seller Can Recover, not Contract Price, but Actual Damage.** Under a contract of sale of material on approval, obligating the buyer to pay "the cost of any and all damages" to the material by fire, the

the seller of the material, destroyed by fire without the buyer's fault before expiration of the trial period, could recover, not the contract price, but only the actual damage sustained.

4. **CONTRACT: Sales: Title to Goods Destroyed by Fire Held Immaterial on Issue as to Buyer's Liability, in View of Contract Provisions.** Under a contract obligating the buyer of materials on approval to pay damages thereto by fire, the question of where the title was at the time of their destruction by fire during the trial period was immaterial; the parties being bound by the terms of the contract fixing liability.

5. **APPEAL AND ERROR: Judgment Affirmed on Condition that Plaintiff Remit Difference Between Contract Price Recovered and Value of Materials Destroyed by Fire While in Defendant's Possession.** A judgment for plaintiff for the contract price of materials destroyed by fire while in defendant's possession, under a contract of sale on approval obligating defendant to pay damages thereto by fire, affirmed on condition that plaintiff remit the difference between the contract price and the value of the materials.

Appeal from the Circuit Court of Barton County.— *Hon. B. G. Thurman,* Judge.

AFFIRMED (*on condition*).

*H. W. Timmonds* and *Morrison, Nugent, Wylder & Berger* for appellant.

(1) Plaintiff founds its action and sues upon an express contract, and then seeks to recover upon a *quantum meruit.* In such case plaintiff is entitled to recover the full contract price or not at all. Shoemaker v. Johnson, 200 Mo. App. 209, 214; Gillham v. Metropolitan Ry. Co., 282 Mo. 118, 131. (2) There was no delivery to defendant passing title to said materials or any intent to pass title, so as to make defendant liable for the full contract price. Weed v. Boston & Salem Ice Co., 94 Mass. 377, 379. (3) The contract itself provides the measure of recovery under the facts of this case, for it provides that defendant shall pay "the cost of any and all damages to the said material by fire, acts of God, or any other agency (except damage due to reasonable

wear and tear),'' and there was no evidence introduced by plaintiff as to the ''cost of damage.'' 3 Sutherland on Damages (4 Ed.), page 3040, sec. 821; Farmers Mutual Ins. Co. v. Turnpike Co., 122 Pa. 37; Sewing Machine Co. v. Ins. Co., 201 Pa. 645, 51 Atl. 354; Haden v. Imperial Assurance Co., 197 Mo. App. 574; Weed v. Boston & Salem Ice Co., 94 Mass. 377.

*Hull & Moore* and *E. L. Moore* for respondent.

(1)    Appellant complains of the instruction given for plaintiff, but it is vague as to the reason of its complaint, unless it be the absence of a measure of damages. But mere non-direction is not error in civil cases. Minter v. Bradstreet Co., 174 Mo. 491; Brown v. Globe Co., 213 Mo. 652; Morton v. Lloyd Co., 280 Mo. 382; Con. Co. v. Railroad, 71 Mo. App. 626; Wilson v. Railway, 122 Mo. App. 673. (2)    Sales of similar property on the market is always evidence of value, and therefore what defendant agreed to pay for these goods would be the highest form of evidence. Met. St. Ry. v. Walsh, 197 Mo. 403; Hewitt v. Price, 204 Mo. 47.; Sinclair v. Railway, 70 Mo. App. 596; Ins. Co. v. Railroad, 174 Mo. App. 547.

BRADLEY, J.—Plaintiff sued to recover the contract price of certain mechanical appliances known as a pyrometer for which defendant signed an order of sale on approval. The cause was tried before the court without the aid of a jury, and plaintiff recovered judgment for the amount sued for and defendant appealed.

Defendant signed a written order on February 27, 1918, for pyrometer equipment totaling $885.50. Plaintiff was to install the instrument. No time was specified for delivery or shipment. On account of war conditions, according to plaintiff, it was not able to ship promptly. Shipments were made at intervals and the last one on August 5, 1918. Plaintiff was to install and as the shipments arrived defendant placed them, unpacked, in its office building. August 12, 1918 the office building was burned and the pyrometer equipment de-

stroyed. The contract provided that plaintiff should install free of charge, and contained this further provision: "We place this order with you for material specified above, f. o. b. Philadelphia, subject to sixty days trial. If the material is not satisfactory to us it may be returned within sixty days from receipt thereof, and no extension of said trial period shall be binding on The Brown Instrument Company, unless first authorized by it in writing. In the event that the material is not accepted by us we agree to properly pack and return material to The Brown Instrument Company. We agree to pay The Brown Instrument Company the cost of any and all damages to the said material by reason of fire, act of God, or any other agency, except damage due to reasonable wear and tear occurring between the time of receipt thereof by us and time said material is received again by The Brown Instrument Company at their plant."

Defendant in its assignments complains of the refusal of its instruction in the nature of a demurrer at the close of the plaintiff's case, and the giving of declaration A on behalf of plaintiff. Defendant proceeded with its evidence after the refusal of its peremptory request, and did not renew this request at the close of the case, hence the demurrer was abandoned. But the substantial ground, anyway, is in the second assignment as we have stated them. Plaintiff's declaration A is bottomed on the theory that if defendant ordered the material shipped, and the order was accepted, and thereafter the material was shipped and received, stored, and destroyed by fire, then defendant was liable for the contract price. We do not agree with this construction of the contract. Under the terms of the contract no time for shipment was mentioned, hence plaintiff was required to ship within a reasonable time. The time of shipment was an issue below and the court found against defendant on that issue. The error of the court was in the construction of the contract as to the measure of damages. Defendant, under the contract, had the right to try this

equipment for sixty days after installation which was to be done by plaintiff without charge, and if at the end of that trial period the material was not satisfactory defendant had the right to return it. The contract was of sale on approval. [24 R. C. L. 429.] Before opportunity to carry out the trial provision the property was destroyed by fire with out fault of defendant. In this situation and under the terms of the contract plaintiff could not recover the contract price. The contract gave plaintiff its remedy. It obligated defendant to pay "the cost of any and all damages" to the material by reason of fire as specified. "The cost of any and all damages" does not mean the price specified in the contract. In effect defendant's position was in the nature of a gratuitous insurer of the material shipped to it, and liable under the contract only for the actual damage that plaintiff sustained.

Both plaintiff and defendant discuss in their briefs the question of title. We do not deem this question of importance. Both parties were bound by the terms of the contract which fixed defendant's liability in the event the pyrometer equipment was destroyed by fire. If no such provision were in the contract then the question of where the title was at the time of the destruction would be material. Plaintiff's learned counsel recognizes the force of defendant's contention here relative to the measure of damages, and suggests that inasmuch as defendant's evidence tended to show that the pyrometer equipment was of the value of about $500 that a remittitur of $385.50 would avoid a reversal. We think this a comemndably frank suggestion. If, therefore, plaintiff will within ten days from the filing of this opinion file here a remittitur of $385.50 the remainder of the judgment, to-wit, $500, will be affirmed, otherwise the cause will be reversed and remanded. It is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.